## ALEXANDER BROTHERS *vs.* CHARLES N. MORSE *et al.*

An injunctive order forbidding the use of certain words on a medicine bottle label, equally forbids the use of those words in a certificate attached to the bottle.

A. made and sold "Morse's Syrup of Yellow Dock Root." B. sold a medicinal preparation in bottles having the words "Dr. Morse's Celebrated Syrup" blown in the glass and resembling perfectly A.'s bottles in size and shape. The labels used by A. and B. were different, and A.'s bottles were wrapped in a paper cover while B.'s were not.

*Held,* that A. was entitled to an injunction against B. and to an account of the profits derived from the use of bottles similar to those used by A.

A. made his preparation under one trade name and sold it under another. He also advertised it as "sold only in quart bottles," while his bottles, though known among druggists as quart bottles, held substantially less than a quart.

*Held,* that this was immaterial.

What constitutes a colorable imitation of medicine bottle wrappers and labels.

BILL IN EQUITY for an injunction and an account.

The complainants filed this bill to enjoin the respondents from selling medicine in packages made up and labelled in imitation of

EXHIBIT B.

EXHIBIT C.

# THE GREAT KIDNEY & [...]

DISEASES, FEVER AND AGUE, DIZZINESS, WEAKNESS, GENERAL DEBILITY, JAUNDICE, COLDS, COUGHS &c. IT CURES ALL HUMORS, AS SCROFULA OR KING'S EVIL, SALT RHEUM, ERYSIPELAS OR ST. ANTHONY'S FIRE, SCALD HEAD &c. ALSO ALL CUTANEOUS ERUPTIONS AS TETTER OR RING WORM, PIMPLES BLOTCHES BOILS, ULCERS,

## Purifying the Blood.

AND PRODUCING A HEALTHY ACTION OF THE FUNCTIONS OF THE BODY GENERALLY IT IMPARTS NEW VIGOR AND ANIMATION AND COMPLETELY RENOVATES THE WHOLE SYSTEM. IT IS THE BEST MEDICINE IN USE FOR FEMALE COMPLAINTS AS IRREGULARITY, OBSTRUCTIONS &c. IT IS UNSURPASSED IN THE CURE OF SCURVY AND ALL DISEASES INCIDENT TO SEA-FARING MEN. THIS SYRUP IS PURELY VEGETABLE, AND PERFECTLY SAFE TO TAKE AT ALL TIMES AND UNDER ALL CIRCUMSTANCES

### DIRECTIONS

*For an adult from one to two Table spoonfuls three times a day, before Eating, Children four years old two Teaspoonfuls and so in proportion to age.*

**PRICE $1 00 perBottle.**

**ALEXANDER BROS.**
**Sole Agents.**
PROVIDENCE, R.I.

COPYRIGHT SECURED.

IS A SURE CURE FOR CANKER IN THE MOUTH THROAT AND STOMACH &c. IT WILL BENEFIT ALL CONSUMPTIVE OR PULMONARY COMPLAINTS AND MANY OTHERS IN SO FAR AS IT REMOVES THEIR CAUSE BY REGULATING CLEANSING AND STRENGTHENING THE STOMAGH and BOWELS.

L SUNDERLAND LITH PROVIDENCE R.I

STOMACH TROUBLES

THE GR

PREPARED BY THE
MORSE'S
YELLOW ROOT
DOCK SYRUP
COMPANY
PROVIDENCE, R.I.

MORSE'S YELLOW DOCK

Dr. MORSE'S
YELLOW DOCK ROOT
SYRUP
COMPOUND
REGULATING THE LIVER AND DIGESTIVE ORG
AND PURIFYING THE BLOOD

EMEDY

# THE GREAT LIVER R

**AT KIDNEY REMEDY**

UNRIVALLED IN THE...ORS,

CURE OF DYSPEPSIA, LIVER COMPLAINT, COSTIVENESS, ALL BILIOUS AND NERVOUS DISEASES, FEVER AND AGUE, DIZZINESS, WEAKNESS, GENERAL DEBILITY, JAUNDICE, COLDS, COUGHS &c. IT CURES ALL HUMORS, AS SCROFULA OR KING'S EVIL, SALT RHEUM, ERYSIPELAS OR ST. ANTHONY'S FIRE, SCALD HEAD &c. ALSO ALL CUTANEOUS ERUPTIONS AS TETTER OR RING WORM, PIMPLES BLOTCHES BOILS, ULCERS,

## Purifying the Blood,

AND PRODUCING A HEALTHY ACTION OF THE FUNCTIONS OF THE BODY GENERALLY. IT IMPARTS NEW VIGOR AND ANIMATION AND COMPLETELY RENOVATE'S THE WHOLE SYSTEM. IT IS THE BEST MEDICINE IN USE FOR FEMALE COMPLAINTS AS IRREGULARITY, OBSTRUCTIONS &c. IT IS UNSURPASSED IN THE CURE OF SCURVY AND ALL DISEASES INCIDENT TO SEA-FARING MEN. THIS SYRUP IS PURELY VEGETABLE, AND PERFECTLY SAFE TO TAKE AT ALL TIMES AND UNDER ALL CIRCUMSTANCES

### DIRECTIONS

*For an adult from one to two Table spoonfulls three times a day before Eating Children four years old two Tea-spoonfulls and so in proportion to age.*

**PRICE $1.00 per Bottle**

## ALEXANDER BROS.
### Sole Agents.
#### PROVIDENCE, R.I.

COPYRIGHT SECURED

DISEASES ARISING FROM AN INJUDICIOUS USE OF MERCURY, AND IS A SURE CURE FOR CANKER IN THE MOUTH THROAT AND STOMACH &c. IT WILL BENEFIT ALL CONSUMPTIVE OR PULMONARY COMPLAINTS AND MANY OTHERS IN SO FAR AS IT REMOVES THEIR CAUSE BY REGULATING CLEANSING AND STRENGTHENING THE STOMACH AND BOWELS.

L. SUNDERLAND LITH. PROVIDENCE R.I.

EXHIBIT D.

## THE ONLY GENUINE

*IMPROVED*

# Yellow Dock Root

—AND—

## SARSAPARILLA COMPOUND,

*The Great Liver and Kidney Remedy.—A Sure Cure for Dyspepsia.*

It is unrivalled in the cure of Dyspepsia, Liver Complaint, Costiveness, all Bilious and Nervous Diseases, Fever and Ague, Dizziness, Weakness, General Debility, Jaundice, Colds. Coughs, &c It cures all humors, as Scrofula or King's Evil, Salt Rheum, Erysipelas, or St. Anthonys Fire, Scald Head, &c ; also all Cutaneous eruptions, as Tetter, or Ring Worm, Pimples, Blotches, Boils, Ulcers, Cancers, Tumors,Diseases arising from an injudicious use of mercury, and is a sure cure for Canker in the mouth, throat and stomach, &c. It will benefit all Consumptive or Pulmonary complaints and their cause

EXHIBIT E.

# DON'T FAIL TO TRY

——THE——

## IMPROVED

# YELLOW DOCK.

EXHIBIT F.

PORTLAND, ME., February 5, 1883.

## →THE IMPROVED YELLOW DOCK←

——AND——

### →SARSAPARILLA COMPOUND,←

Manufactured by the Rhode Island Medicine Company, Providence, R. I.

Is the only compound syrup of Yellow Dock Root which I approve of and recommend.

**CHAS. MORSE, M. D.**

For Dyspepsia

Should be taken after Meals.

Keep in a Cool Place.

those used by the complainants, and after obtaining a preliminary injunction claimed that the respondents had violated the injunctive order, and moved for an attachment against them for contempt of court.

The complainants' medicine was put up in quart bottles whose cross section was an ellipse, wrapped in covers like the exhibit annexed marked A ; on the top of each package was pasted a label like the exhibit annexed marked B, and across the back of each package was pasted a label like the exhibit annexed marked C.

The respondents' medicine was put up in quart bottles whose cross section was a parallelogram, with rounded corners, wrapped in covers like the exhibit annexed marked D ; on the top of each package was pasted a label like the exhibit annexed marked E, and across the back of each package was pasted a label like the exhibit annexed marked F.

*April* 6, 1883. CARPENTER, J. On motion of the complainants a decree was entered on the 23d day of December, 1882, enjoining the respondents " from selling or offering for sale any compound syrup of yellow dock under the denomination of Dr. Morse's Yellow Dock, Morse's Yellow Dock, Dr. Morse's Celebrated Syrup, or Dr. Morse's Improved Yellow Dock and Sarsaparilla Compound, printed, written, or stamped, or attached, or pasted on bottles, or packages, or upon any label or wrapper for bottles or packages, resembling or in imitation of the bottles or packages, or trade mark of the complainants, as set forth in the complainants' bill of complaint, until the further order, judgment, and decree of this court."

The complainants allege that the respondents, since the entry of the decree, have offered for sale a compound syrup of yellow dock inclosed in wrappers, in violation of the decree, and move for an attachment as for a contempt. The wrappers used by the complainants and the respondents respectively are proved and filed as exhibits.

The first question which arises is, whether the respondents have used any of the prohibited names for their medicine ; and in the present state of the proof we have only to consider whether they have used any one of the three names set out in the decree in

which the name "Morse" and the words "Yellow Dock" are essential parts. On the front of the respondents' wrapper, in conspicuous letters, appear the words "Yellow Dock Root," and on the top of the wrapper appear in like manner the words "Yellow Dock," but in neither place does the name "Morse" appear. On the back of the wrapper, however, are printed these words : "Portland, Me., February 5th, 1883. The Improved Yellow Dock and Sarsaparilla Compound, manufactured by the Rhode Island Medicine Company, Providence, R. I., is the only compound syrup of Yellow Dock Root which I approve of and recommend. Chas. Morse, M. D." The words "The Improved Yellow Dock" and the name "Chas. Morse, M. D." are made especially conspicuous. We cannot doubt that the names or denominations on the wrapper, taken together, are a colorable imitation of each and all of the three denominations above referred to and contained in the decree. They differ literally from one of them only in arrangement of words, and in the substitution of "Chas. Morse, M. D." for "Dr. Morse." The fact that the label takes the form of a certificate or statement by Dr. Morse, instead of a statement by the sellers themselves, seems to us to be immaterial.

The respondents, however, contend that although the prohibited names be used, still there is no violation of the decree unless they be used on wrappers resembling or imitating those used by the complainants in some other way than by the use of those words. We do not find it necessary to pass on this question, since it appears to us that the wrappers used by the respondents do clearly resemble and imitate those used by the complainants in several other particulars.

The packages are of about the same size, but not exactly the same in shape, the bottle in the complainants' package being apparently inclosed in a pasteboard cover which assumes somewhat the form of a flattened or elliptical cylinder, while the bottles sold by the respondents are inclosed in no such cover, and the paper of the wrapper fits closely to the shape of the bottle. The complainants' wrapper is brown, while that of the respondents is yellow ; there is a rectangular label on the top of each package, but that used by the complainants is yellow, while that used by the respondents is pink. Across the back of both packages, pasted

diagonally in the same direction, is a white label, printed with black letters, and of substantially the same shape and size.   The complainants' wrapper contains a printed representation of a man's head, but no such representation is seen on that used by the respondents.   The words printed on the two wrappers are strikingly similar.   Without noticing the differences, which are but few in number compared with the whole number of words, it is sufficient to say that the words " Yellow Dock Root," " Purifying the Blood," " Directions," and " Price, $1.00 per Bottle," appear in conspicuous letters and in relatively the same place in both wrappers ; that the general explanations and directions, which form by far the larger part of the inscription, are identical in both, and that on the white diagonal label across the back, the complainants print the words " Morse's Yellow Dock," with certain words in small type, which thus appear on the same part of the package as the certificate above recited and used by the respondents, and that on both these white labels appear, although in different type and differently arranged, the words " Keep in a cool place," and " For Dyspepsia should be taken after meals."   We have no doubt that the wrapper used by the respondents resembles and imitates that used by the complainants.   The motion will, therefore, be granted.

*Motion granted.*

The case came on for hearing on bill, answer, depositions, and evidence, June 11, 1884, before DURFEE, C. J., and CARPENTER, J.

*July* 12, 1884.   CARPENTER, J.   The bill alleges that the complainants are engaged in the manufacture of a liquid medicinal preparation known to the public as Morse's Syrup of Yellow Dock Root, and have expended large sums of money in manufacturing and advertising the same ; that the respondents are engaged in the manufacture of the same liquid preparation, and, for the purpose of inducing the public to believe that the compound sold by them was manufactured by the complainants, have sold the same in bottles and packages similar to those used by the complainants, and such as to deceive purchasers in that regard ; and prays that the respondents be enjoined " from directly or indirectly manufacturing, selling, or offering for sale any compound syrup of yellow

dock under the denomination of Dr. Morse's Yellow Dock, Morse's Yellow Dock, Dr. Morse's Celebrated Syrup, or Dr. Morse's Improved Yellow Dock and Sarsaparilla Compound, printed, painted, written, stamped, attached, or pasted on bottles or packages, or upon any label or wrapper for bottles or packages, resembling or in imitation of the bottles or packages or trade mark of your orators," and for an account.

There are other allegations in the bill, showing under what circumstances the complainants commenced the manufacture, and an allegation, as we understand it, that in consequence of these circumstances the complainants have acquired the exclusive right to manufacture and sell the preparation in question. Comparing this allegation with the prayer as above recited, it is not perhaps entirely clear what relief the complainants demand; and both parties in the argument have carried the discussion much farther than the case, as it seems to us, requires. We regard the bill as charging in substance that the respondents sell their product in packages of such form and with such marks as are intended and well calculated to deceive the purchaser into the belief that he is buying the product of the complainants. In considering the proofs we do not take into account the package and labels which were the subject of complaint in the motion for attachment for a contempt, which was lately heard by the court, since that package and label were not used by the respondents before the filing of the bill. We find, however, that respondents have used, although perhaps only to a small extent, bottles precisely similar in size and form to those used by the complainants, and having formed in the substance of the glass on the back of the bottle the words " Dr. Morse's Celebrated Syrup " in precisely the same form as used by the complainants. It is true that these bottles are not inclosed in a wrapper, while those of the complainants are inclosed in a paper wrapper having an inscription thereon; and it is also true that the labels pasted on the two bottles are different both in the words used and in general appearance, and perhaps may be said to be alike only in so far as both contain the name of the preparation contained in them. The proof shows that the form of the bottle is not peculiar to the complainants, but that the same form is in use for other purposes. It does not, however, appear that it is in use by others

than the parties for the sale of "Yellow Dock Compound," or that any other persons use bottles having the words "Dr. Morse's Celebrated Syrup" on the back. The respondents also contend that there is a difference in the name of the compound as used on their labels which in itself imports an article different from that sold by the complainants, and thus precludes any misunderstanding on the part of the purchaser. The name used by the complainants is "Dr. Morse's Compound Syrup of Yellow Dock Root," while that used by respondents is "Dr. Morse's Improved Yellow Dock and Sarsaparilla Compound." We do not think the difference is sufficient to be of any avail; and the suggestion, again, does not excuse the use of the name on the back of the bottle. It is to be particularly noted, also, that the label containing the significant words "Morse" and "Yellow Dock" contains no name of the maker or seller, by which the purchaser might be warned that the article offered him was not the same article largely manufactured and widely advertised by the complainants. We think, on the whole, that the respondents have infringed the rights of the complainants by using the bottle having the same form as those used by complainants, and having the same words formed in the substance of the glass.

There is a further defence to which we will advert, namely, that the complainants are disentitled to relief by reason of their own misrepresentations concerning their medicine on their labels, wrappers, and advertisements. The complainants' label contains the words, "Prepared by the Morse Yellow Dock Root Syrup Company, Providence, R. I.," and also the words, "Alexander Bros., Providence, R. I., Sole Agents." It appears that the complainants both manufacture and sell the preparation, and that the two names above quoted are two firm names adopted by the complainants for different parts of their business. As the "Morse Yellow Dock Root Syrup Company" they manufacture the preparation in question, and as "Alexander Brothers" they sell the same, and also sell other articles, in the course of their trade as wholesale grocers. The respondents claim that the use of the two names on the package imports the false statement that some persons other than themselves are the manufacturers, and that they are mere agents for sale. We do not think this is the im-

port of the label. The name " Alexander Bros." would be understood to indicate a copartnership, and the words " Morse Yellow Dock Root Syrup Company" would be understood to indicate either a copartnership or a corporation ; but we do not think they would be thought by the public to indicate anything as to the members of the copartnership, or as to the stockholders of the corporation, if it were such. Judging by common knowledge and common practice it would be entirely consistent with the use of the name " Alexander Bros." to suppose that it was the name of a firm composed of several persons named Alexander, or of several persons some of whom were named Alexander, or even that it was the trade name used by one person whose name was not Alexander. There are cases, also, in this State, and very probably elsewhere, where several persons under a firm name hold themselves out as agents for the sale of goods manufactured by a corporation in which they are the sole stockholders. We do not think such practice works any deception on the public.

It also appeared in proof that in some advertisements put forth by the complainants appeared the words, " sold only in quart bottles," and that the bottles used by the complainants hold substantially less than a quart of liquid. It appeared, however, that these words appeared only in a small number of circulars, that they were adopted with no intent to deceive, and for the sole purpose of distinguishing the medicine sold by the complainants from a widely different medicine sold by a certain person, not a party to this suit, of the name of Morse, and that the words " quart bottle " are in common use in the druggists' trade to designate bottles of the size here used. Whether under this state of facts the statement was likely to deceive is perhaps doubtful ; but we do not think it was made in such manner and with such intent as that it ought to debar the complainants from the relief to which they are otherwise entitled.

We think there must be a decree for an injunction, and an account of such profits as the respondents have made by the use of bottles similar in form to those used by the complainants.

*Charles A. Wilson & Thomas A. Jenckes,* for complainants.
*Nicholas Van Slyck & George B. Barrows,* for respondents.